UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ARELLANO,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>      Defendant. | Case No. ED CV 09-1186-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he: 1) rejected the treating psychologist's opinion; 2) rejected the examining psychiatrist's opinion; 3) rejected the consulting psychologist's opinion; 4) failed to consider Plaintiff's obesity; 5) rejected the treating chiropractor's opinion; and 6) discounted Plaintiff's credibility. For the following reasons, the Court concludes that the ALJ erred and the case is remanded for further proceedings consistent with this decision.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for SSI on January 23, 2006, alleging that she had been unable to work since April 25, 2005, because of kidney cancer, gall stones, and depression. (Administrative Record ("AR") 7, 119-20, 279.) The Agency denied the application initially and on reconsideration. (AR 67-71, 75-79.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 80, 88-91.) Plaintiff appeared at the hearing with counsel on December 18, 2007, but did not testify. (AR 48-63.) On February 15, 2008, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (AR 7-16.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3.) She then commenced this action.

## III. DISCUSSION

1. <u>The ALJ's Rejection of the Treating Psychologist's Opinion</u>

In her first claim of error, Plaintiff contends that the ALJ erred when he rejected the opinion of her treating psychologist, Charles R. Shipley. (Joint Stip. at 3-4.) For the following reasons, the Court disagrees.[1]

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). In order to reject a treating physician's opinion in favor of a conflicting, non-treating physician's opinion, the ALJ must set forth specific and legitimate reasons, supported by substantial evidence in the record, for doing so. *Id.* at 632; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

---

[1] Plaintiff refers to Dr. Shipley as an "M.D." (Joint Stip. at 3.) The record shows, however, that he is a psychologist, not a psychiatrist. (AR 243, 244.)

Dr. Shipley first saw Plaintiff on May 17, 2006, and conducted hour-long therapy sessions with her every other week over the next 18 months. (AR 22-32, 243-46, 249.) The ALJ reviewed records from only two of those therapy sessions. (AR 14-15.) (It appears that the records from the other therapy sessions were not in the file at the time of the administrative hearing. (AR 14-15.)) As a result, the ALJ concluded that Dr. Shipley was not a "treating" psychologist in the usual meaning of that term. (AR 15.) Based on this fact, and the fact that the two treatment records he had reviewed from Dr. Shipley did not support Dr. Shipley's opinion, the ALJ rejected it. (AR 14-15.) This finding is not supported by the record.

In lieu of Dr. Shipley's opinion, the ALJ relied on the opinion of Dr. Malancharuvil, a non-examining, consulting psychologist who had reviewed the medical records and who testified at the administrative hearing. (AR 14.) Dr. Malancharuvil determined that Plaintiff's psychological problems were minor and did not seriously impact her ability to work. (AR 55-59.) Unfortunately, Dr. Malancharuvil was operating under the same misconception as the ALJ; Dr. Malancharuvil, too, believed that Plaintiff had not been treated by Dr. Shipley. (AR 58.) Thus, his opinion was faulty and the ALJ should not have relied on it.

Having determined that the ALJ erred, the Court must next decide whether the error was harmless. Generally speaking, an error is harmless if it is "inconsequential to the ultimate nondisability determination." See *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (noting with approval the circuit's line of cases holding ALJ's error is harmless if it is "inconsequential to the ultimate nondisability determination"). The Agency argues, in

1  essence, that the error was harmless because the additional records
2  from Dr. Shipley do not support his opinion that Plaintiff was
3  severely impaired. (Joint Stip. at 4-7.)  It also contends that Dr.
4  Shipley's opinion is inconsistent with the medical records from the
5  other mental health specialists.  It points out, for example, that Dr.
6  Smith, an examining psychiatrist, found that Plaintiff was only mildly
7  impaired.  (Joint Stip. at 6.)

8      The Court finds the issue relatively close.  Having reviewed Dr.
9  Shipley's notes from the 33 therapy sessions, it does not appear to
10 the Court that they support his ultimate conclusion that Plaintiff's
11 psychiatric impairments precluded her from working.  Assuming that the
12 ALJ would have seen these records and interpreted them the way the
13 Court has, it is likely that he would have discounted Dr. Shipley's
14 opinion.  It is also possible, however, that the ALJ would have
15 arrived at a totally different conclusion regarding Dr. Shipley and
16 this case had he seen the amount of therapy Plaintiff received during
17 the relevant time period.

18     The same questions exist with regard to Dr. Malancharuvil's
19 opinion.  It is difficult to know whether he would have reached the
20 same conclusion had he known that Plaintiff had undergone bi-weekly
21 therapy sessions for 18 months during the relevant period.  Where, as
22 here, the Court is uncertain as to the impact of this evidence, it
23 cannot conclude that the ALJ's error was "inconsequential to the
24 ultimate nondisability determination." *Stout*, 454 F.3d at 1055.  For
25 that reason, remand is required.

26     2.   <u>The Examining Psychiatrist's Opinion</u>
27     In her second claim of error, Plaintiff contends that the ALJ did
28 not properly consider the opinion of examining psychiatrist Linda

1  Smith.  (Joint Stip. at 7-8.)  Dr. Smith concluded that Plaintiff was
2  mildly impaired in various aspects of her mental functioning.  (AR
3  255.)  According to Plaintiff, the ALJ erred by failing to
4  specifically discuss several of the limitations that Dr. Smith found
5  and to consider how the assessed limitations impacted Plaintiff's
6  ability to perform basic work activities.  (Joint Stip. at 7,9.)
7  There is no merit to this argument.
8       An ALJ must provide "specific and legitimate reasons" for
9  rejecting an examining physician's opinion.  *Lester*, 81 F.3d at 830;
10 *Andrews v. Shalala*, 53 F.3d 1035, 1041-42 (9th Cir. 1995).  "Where
11 medical reports are inconclusive, questions of credibility and
12 resolution of conflicts in the testimony are functions solely of the
13 [ALJ]."  *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 601 (9th Cir.
14 1999) (internal quotation marks omitted).
15      The ALJ did not err here.  In the first place, he did not reject
16 Dr. Smith's opinion.  Rather, he summarized her report and relied on
17 it, in part.  (AR 13-15.)  As to the part he relied on, he was not
18 required to provide reasons for rejecting it.  *See Meanel v. Apfel*,
19 172 F.3d 1111, 1113 (9th Cir. 1999) (holding that ALJ need not provide
20 "clear and convincing reasons" where no conflict exists between
21 treating doctor's opinion and ALJ's decision).  To the extent that the
22 ALJ implicitly disagreed with Dr. Smith's conclusions, he did so in
23 Plaintiff's favor.  For example, Dr. Smith found that Plaintiff was
24 only mildly impaired in her ability to function.  (AR 255.)  Yet, in
25 his residual functional capacity determination, the ALJ adopted Dr.
26 Malanchuravil's opinion, which was "more lenient towards" Plaintiff,
27 and limited her to "habituated" "moderately complex tasks consisting
28 of 4-5 steps."  (AR 10, 57.)  Finally, though the ALJ did not

specifically identify each of the areas of functioning in which Dr. Smith assessed limitation, this was not error.  The ALJ was not required to discuss each and every aspect of Dr. Smith's report.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam); *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (finding the ALJ's discussion of equivalence sufficient despite the ALJ's failure to "state what evidence supported the conclusion that appellant's impairments do not meet or exceed the Listing of Impairments").  Here, the ALJ's summary of Dr. Smith's opinion included her view that Plaintiff's mental functioning was mildly impaired and that her GAF score was 62.[2]  This was an adequate summary of Dr. Smith's conclusions, given that the ALJ did not question them.  For these reasons, this claim does not warrant remand or reversal.

    3.   <u>The ALJ's Failure to Accept Dr. Shipley's Opinion as a Consultative Examining Psychologist's Opinion</u>

In an apparent attempt to hedge her bets, Plaintiff argues that the ALJ erred when he failed to address Dr. Shipley's opinion in his role as an examining psychologist, anticipating, it seems, that the Court might not conclude that Dr. Shipley was a treating psychologist. As set forth above, the Court agreed with Plaintiff that Dr. Shipley

---

    [2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  A GAF score of 62 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning . . . but generally functioning pretty well. . . ."  Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000).

was a treating psychologist and that the ALJ erred when he rejected Dr. Shipley's opinion. As such, this issue is moot.

### 4. The ALJ's Failure to Address Plaintiff's Obesity

In her fourth claim of error, Plaintiff contends that the ALJ erred when he failed to consider Plaintiff's obesity in determining whether she was impaired. (Joint Stip. at 11-13.) For the following reasons, the Court disagrees.

An ALJ is required to consider the effects of a claimant's obesity on her ability to work, both in isolation and in combination with any other impairments. *See Celaya v. Halter*, 332 F.3d 1177, 1181-82 (9th Cir. 2003) (citing 20 C.F.R. §§ 404.1545(e), 416.945(e)). Where, however, a claimant who is represented by counsel fails to specify which Listing she believes she meets or equals, fails to set forth any evidence which would support the diagnosis and findings of a Listed impairment, and fails to point to any evidence of functional limitations related to her obesity, the ALJ's failure to specifically consider obesity does not constitute reversible error. *See Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005).

Here, Plaintiff, who was represented by counsel after her claim was initially denied, failed to raise in issue the fact that her obesity impacted her ability to work. She did not raise it in her application, in the questionnaire she submitted in support of her application (AR 108-10), in her many interviews with Agency employees who were seeking information about her disability claim (AR 105-07, 119-44), in her request for reconsideration after the Agency initially denied her claim (AR 72), in her subsequent request for a hearing before an ALJ (AR 80), or at the administrative hearing (AR 48-63). The record appears to supply good reason for Plaintiff's failure:

there was no evidence that Plaintiff's obesity had any impact on her ability to work or that she had ever claimed that it did.  Further, none of the doctors ever opined that Plaintiff's obesity prevented her from working.  (AR 178, 272-74.)  In fact, the only doctor who addressed the impact of Plaintiff's weight on her ability to work concluded that, despite Plaintiff's "moderate obesity," she could perform medium exertional work.  (AR 274, 275.)  This finding was consistent with the medical record, which showed that, though Plaintiff's weight swelled to 210 pounds in November 2006 (AR 272), more than a year before the administrative hearing and 15 months before the ALJ issued his decision, it was regularly recorded significantly less than 200 pounds, e.g., 168 (AR 155), 170 (AR 190), 160 (AR 245), and 150 (AR 257)(driver's license).  The record does not disclose how much Plaintiff weighed when she appeared before the ALJ in December 2007.  All this being said, the Court is hard-pressed to conclude that the ALJ erred by failing to raise Plaintiff's obesity on his own where Plaintiff and her lawyer never raised the issue and none of the doctors believed it impacted her ability to work.  *See Burch*, 400 F.3d at 682-84.  For these reasons, this claim does not warrant remand or reversal.

     5.   <u>The Treating Chiropractor's Opinion</u>

     In her fifth claim of error, Plaintiff contends that the ALJ failed to properly consider an opinion from chiropractor James Cheeley, who had treated Plaintiff for injuries she sustained in a car accident in 2006.  (Joint Stip. at 15-16.)  This claim is without merit.

     Under social security law, a chiropractor is not an "acceptable medical source," and, therefore, is not entitled to the same deference

8

that doctors are. 20 C.F.R. § 404.1513(a). Nevertheless, the regulations direct the Agency to consider all of the medical evidence it receives, whether from an acceptable source or not. 20 C.F.R. § 404.1527(d); *see also* 20 C.F.R. § 404.1513(d)(1) (stating that "we may also use evidence from other sources," such as chiropractors, to assess the severity of a claimant's impairments and how they affect her ability to work). An ALJ must provide reasons that are germane to a chiropractor's opinion in order to discount it. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Kus v. Astrue*, 276 Fed. Appx. 555, 556-57 (9th Cir. Apr. 25, 2008) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

After Plaintiff was in a car accident in 2006, she underwent relatively conservative treatment from chiropractor James Cheeley for four months. (AR 311-16.) In February 2007, Dr. Cheeley discharged Plaintiff. (AR 315.) Two months later, in April 2007, Dr. Cheeley completed a medical form in which he opined that Plaintiff would be precluded from lifting and carrying more than 20 pounds occasionally and ten pounds frequently; walking for longer than three hours and sitting for longer than four hours in an eight-hour workday; and would need to walk around for five minutes at least every thirty minutes. (AR 325-26.) Dr. Cheeley also opined that Plaintiff would be absent from work at least two days a month and, while working, would need to lie down at unpredictable intervals at least once a week. (AR 326-27.)

The ALJ acknowledged Dr. Cheeley's opinion but rejected it. He pointed out that Dr. Cheeley's opinion was entitled to little weight because he was a chiropractor and because the limitations he placed on Plaintiff were not supported by the weight of the evidence in the

9

record. (AR 15.) This justification is germane to Dr. Cheeley and his opinion and is supported by the record. The examining physician and the medical expert both concluded that Plaintiff was not nearly as restricted as Dr. Cheeley had found. (AR 54, 275.) As such, this claim does not warrant remand or reversal.

### 6. The Credibility Determination

In her final claim of error, Plaintiff contends that the ALJ erred in discounting her allegations of pain and limitations. (Joint Stip. at 17-19.) For the reasons set forth below, the Court finds that this issue warrants remand.

ALJs are tasked with judging the credibility of witnesses. In making these credibility determinations, ALJs employ ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons. *Id.* at 1283-84. These reasons must be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Although Plaintiff did not testify at the administrative hearing, she submitted a questionnaire in which she described how her ailments impacted her day-to-day life. (AR 108-10.) Plaintiff alleged therein that pain in her stomach and back severely limited her ability to do most anything, and that, when she was able to accomplish a task, the pain caused her to stop, lie down, and rest. (AR 108-10.)

1    Though the parties agree that the ALJ discounted Plaintiff's
2 testimony, they do not agree as to how and why.  Plaintiff believes
3 that the ALJ did it summarily, as follows:
4    After considering the evidence of record, I find that the
5    claimant's medically determinable impairments could
6    reasonably be expected to produce the alleged symptoms, but
7    that the claimant's statements concerning the intensity,
8    persistence and limiting effects of these symptoms are not
9    entirely credible.
10 (AR 11.)
11    The Agency contends that the ALJ went further, and set forth his
12 reasons in detail in pages 5-8 of his decision (pages 11-14 of the
13 administrative record).  (Joint Stip. at 19-21.)  These reasons
14 include the fact that Plaintiff was not taking strong pain medication,
15 did not suffer from cancer, and was able to participate in a wide
16 range of activities, as well as the fact that the objective medical
17 evidence did not support her claims of incapacitating pain.  (Joint
18 Stip. at 19-20.)
19    The Court has read and reread the referenced pages of the ALJ's
20 decision and does not agree with the Agency that the ALJ was setting
21 out his reasons for discounting Plaintiff's credibility.  He never
22 says so.  And it appears to the Court that he was merely summarizing
23 the medical evidence and explaining why he was accepting some of the
24 opinions contained therein and rejecting others.  As such, the only
25 justification he provided for rejecting Plaintiff's testimony is
26 contained in the quoted sentence above, which clearly is not enough.
27 *See Lester*, 81 F.3d at 834 ("General findings by the ALJ are
28 insufficient; rather the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints.").
For this reason, remand on this issue is required.

## IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this memorandum opinion and order.

IT IS SO ORDERED.

DATED: <u>Jul 26, 2010</u>.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ARELLANO\Memorandum Opinion and Order.wpd